# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| SAMTEC INC.; <br><br> Plaintiff, <br><br> v. <br><br> KEN CUCCINELLI, as Acting Director, U.S. Citizenship and Immigration Services and Deputy Secretary of Department of Homeland Security. <br><br> Serve: U.S. Attorney for Southern District of Indiana <br> Attn: Civil Process Clerk <br> 10 W. Market Street, Suite 2100 <br> Indianapolis, IN 46204 <br><br> and <br><br> Attorney General Jeffrey A. Rosen <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue, NW <br> WASHINGTON, DC 20530-0001 <br><br> and, <br><br> TRACY RENAUD, as Associate Director, U.S. Citizenship and Immigration Services Service Center Operations. <br><br> Serve: U.S. Attorney for Southern District of Indiana <br> Attn: Civil Process Clerk <br> 10 W. Market Street, Suite 2100 <br> Indianapolis, IN 46204 <br><br> and <br><br> Attorney General Jeffrey A. Rosen <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue, NW <br> WASHINGTON, DC 20530-0001 <br><br> Defendants. | CASE NUMBER 4:21-CV-6 <br><br> JUDGE_____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT**

## INTRODUCTION

1. This action asks the court to enter declaratory and injunctive relief against Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS") based on its improper denial of the Petition for a Nonimmigrant Worker (Form I-129), otherwise known as an L-1B visa petition, filed by the Plaintiff, Samtec Inc. ("Samtec") on behalf of its employee Mr. Jean Paul Jiron Fallas ("Mr. Jiron Fallas"), a citizen of Costa Rica.

2. Pursuant to the Immigration and Nationality Act §101(a)(15)(L), foreign companies can transfer a foreign national employee to work in a capacity that involves specialized knowledge at a related US company.

3. Mr. Jiron Fallas began working for Samtec in Costa Rica in 2011 and was transferred to the United States in 2017 to work as a Process Engineer at Samtec's high speed cable plant in Wilsonville, Oregon. Mr. Jiron Fallas' is the beneficiary of a previously approved L-1B petition that was valid until August 22, 2020.

4. Mr. Jiron Fallas has specialized knowledge that is temporarily needed in the U.S. developing new processes, evaluating existing processes, and configuring manufacturing systems to reduce cost, improve sustainability, and develop best practices within the Samtec production process. No other Samtec personnel have his necessary expertise.

5. On March 30, 2020, Samtec filed an I-129, Petition for a Nonimmigrant Worker, on behalf of Mr. Jiron Fallas, requesting an extension of Mr. Jiron Fallas' approved L-1B status as a specialized knowledge employee.

**6.** On July 16, 2020, the USCIS erroneously denied Samtec's L-1B petition. In denying the petition, the Agency asserted that Samtec had failed to establish that the position required specialized knowledge and that Mr. Jiron Fallas had the requisite specialized knowledge.

**7.** The Agency's denial of Samtec's L-1B petition is fundamentally flawed. It ignored critical evidence in the record, contains factual errors, and ignores the plain language of the statute and the implementing regulations. Such errors are contrary to the requirements for lawful adjudication under the Administrative Procedures Act ("APA") and require remedy by this Court.

## PARTIES

**8.** Plaintiff is an award-winning global manufacturer of a broad line of electronic interconnects, including high speed, micro pitch, rugged/power, and flexible board stacking systems, cable assemblies and components, IP68 sealed I/O, and RF components and cable. Samtec was the petitioning employer on the I-129 Petition for Nonimmigrant Worker that Samtec filed on behalf of Mr. Jiron Fallas.

**9.** Defendant, Ken Cuccinelli is the acting director of U.S. Citizenship and Immigration Services and deputy secretary of the Department of Homeland Security and this action is brought against him in his official capacity. The U.S. Citizenship and Immigration Services ("USCIS") is an agency within the Department of Homeland Security and is subject to the Director's supervision. More specifically the USCIS is charged with adjudication of non-immigrant visa petitions, naturalization, and all adjudications conducted at service centers.

**10.** Defendant, Tracy Renaud, is the Associate Director of the USCIS Service Center Operations. In her role, Renaud oversees all activities at the five USCIS service centers located in Dallas, Texas (Texas Service Center); Laguna Nigel, California (California Service Center);

Lincoln, Nebraska (Nebraska Service Center); Burlington, Vermont (Vermont Service Center); and Arlington, Virginia (Potomac Service Center).

## JURISDICTION

**11.** The Court has jurisdiction over the present action pursuant to 8 U.S.C. § 1329, Immigration and Nationality Act jurisdiction; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").

**12.** Plaintiff may seek judicial review upon denial of its visa petition without any further administrative appeal. *See Fogo De Chao (Holdings) Inc. v. U.S. Dep't of Homeland Sec.*, 769 F.3d 1127, 1138 (D.C. Cir. 2014) (exercising jurisdiction over challenge of L-1B petition denial); *EG Enters., Inc. v. Dep't of Homeland Sec.*, 467 F. Supp. 2d 728,733 (E.D. Mich. 2006) (exercising jurisdiction upon finding plaintiff was not required to appeal the denial of its H-1B visa petition to the Administrative Appeals Office prior to filing suit; noting USCIS concurrence).

## VENUE

**13.** Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e)(1)(b) because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in New Albany, Indiana given that the agency action complained of is the denial of Plaintiff Samtec's petition to continue to employ Mr. Jiron Fallas and Plaintiff is headquartered in New Albany, Indiana; and there is no real property involved in this action.

## LEGAL BACKGROUND

**14.** An employee of an international company who is being transferred to an affiliate company within the United States is eligible for an L-1 non-immigrant visa if, "within 3 years

preceding the time of his application for admission into the United States, [the foreign national] has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and … seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge . . . ." INA §101(a)(15)(L).

15. 8 CFR 214.2(l)(1)(ii)(D) defines the term "specialized knowledge" as special knowledge possessed by an individual of the petitioning organization's product, service, research, equipment, techniques, management, or other interests and its application in international markets, or an advanced level of knowledge or expertise in the organization's processes and procedures.

## FACTUAL ALLEGATIONS

16. Mr. Jiron Fallas worked for Samtec Interconnect Assembly SIA Costa Rica, Sociedad de Responsibilidad Limitada (hereinafter "Samtec Costa Rica") from 2011 to 2017. Before coming to the United States in L-1B status, Mr. Jiron Fallas served Samtect Costa Rica as a Manufacturing Systems Integration Engineer. Prior to assuming this role, Mr. Jiron Fallas also served with Samtec Costa Rica as Process Development Engineer from May 9, 2011 to September 1, 2016

17. In his position at Samtec Costa Rica as Manufacturing Systems Integration Engineer Mr. Jiron Fallas was responsible for the creation, testing, deployment, and support of the applications developed for the SCADA (Supervisory Control and Data Acquisition) and MES (Manufacturing Execution Systems) initiative across all manufacturing, assembly, and test areas of the company.

**18.** In 2017, Samtec offered Mr. Jiron Fallas a position as Process Engineer at its Wilsonville, Oregon high speed cable facility.

**19.** On November 2, 2017, Mr. Jiron Fallas requested the Department of Homeland Security ("DHS") United States Embassy in San Jose Costa Rica admit him to the U.S. in L-1B status as a nonimmigrant intracompany transferee to serve Samtec as a Process Engineer pursuant to Samtec's approved blanket petition. The Embassy approved Samtec's I-129S filed on Mr. Jiron Fallas' behalf and he was issued an L-1 visa stamp. He was admitted to the United States in L-1B status until August 22, 2020.

**20.** In his position at Samtec, Mr. Jiron Fallas serves as Process Engineer. As Process Engineer, Mr. Jiron Fallas is responsible for working collaboratively with Product Engineering in the design and development of processes for new products; performing process capability studies; ensuring processes function at optimum cost, quality, and capacity including scrap tracking and scrap analysis; driving continuous improvement by developing and implementing systems that optimize all phases of the production process; be actively involved in the development and implementation of the long-term improvement programs; managing the cost and time constraints of projects; leading cross-functional teams in the creation of Process Failure Mode & Effects Analysis (PFMEA); updating these when internal or external Quality Problems expose additional failure modes or insufficient detection; creating and maintaining Process Control Plans for internal and external customers; collecting and interpreting data from other technical and operating staff involved; performing engineering calculations applying the principles of physics and mathematics for process or equipment, including conceptual, scheme, and detail design; executing all phases of DMAIC philosophy, Six Sigma, design of experiment, and problem solving tools; providing technical inputs for incident investigation considering an integral perspective (manpower, method, machines, materials, and

measurement), documenting problem, root cause analysis and corrective action; new product DFM reviews with all key stakeholders

21. On March 30, 2020, Samtec filed an L-1B petition requesting additional time for Mr. Jiron Fallas' L-1B nonimmigrant status through August 23, 2022.

22. In support of its petition, Samtec submitted a statement from Beth Johnson, Samtec's Global HR Manager, outlining Mr. Jiron Fallas' job duties at Samtec Costa Rica and Samtec in Wilsonville, Oregon. In addition, Samtec submitted organizational charts, certifications of Mr. Jiron Fallas, and job descriptions

23. On April 28, 2020, USCIS issued a request for evidence ("RFE"). In the RFE, USCIS requested, *inter alia*, evidence that Mr. Jiron Fallas role of Process Engineer at Samtec required specialized knowledge and that Mr. Jiron Fallas had the specialized knowledge required for the position.

24. In response, Samtec filed a cover letter and supporting evidence dated July 1, 2020. Samtec provided another letter from Beth Johnson, Samtec's Global HR Manager, in which she provided a breakdown of Mr. Jiron Fallas' duties as Process Engineer and Mr. Jiron Fallas' specialized knowledge of Samtec's products, service, and processes.

25. With its initial petition and the RFE Response, Samtec submitted over 200 pages of supporting evidence, including the statements described above, organization charts showing the entire personnel structure of Samtec's Global Manufacturing Engineering Group, evidence of Mr. Jiron Fallas financial impact on Samtec, engineering reports authored by Mr. Jiron Fallas, and documentation of Mr. Jiron Fallas' credentials and experience.

26. On July 16, 2020, the USCIS denied Mr. Jiron Fallas' petition.

27. The denial notice did not question the qualifying relationships between Samtec Costa Rica and Samtec. Nor did the denial notice dispute that Mr. Jiron Fallas' role at Samtec

Costa Rica qualified as a role requiring "specialized knowledge" under the applicable statute and regulations.

**28.** USCIS denied the L-1B petition despite DHS having previously approved Mr. Jiron Fallas for L-1B status to serve as Samtec's Process Engineer on the same facts.

**29.** USCIS denied the L-1B petition despite extensive evidence that Samtec's Process Engineer position required specialized knowledge and that Mr. Jiron Fallas has the requisite knowledge to perform the Process Engineer job duties.

**30.** USCIS's denial of Samtec's L-1B extension petition was arbitrary and capricious.

**31.** The loss of Mr. Jiron's employment at Samtec will cause the company irreparable harm.

## COUNT ONE

### Violation of the Administrative Procedures Act 5 U.S.C. § 701, et seq.

**32.** Plaintiff re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations in paragraphs 1-31 above.

**33.** The APA requires this Court to hold unlawful and set aside any agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. §706(2).

**34.** Here, Defendants acted arbitrarily, capriciously, and contrary to law in violation of the APA by erroneously denying Samtec's L-1B visa petition.

**35.** USCIS ignored DHS's official guidance on L-1B classification when adjudicating Mr. Jiron Fallas' petition. In the denial, USCIS stated that "the beneficiary, along with others employed by your organization, is responsible for the same or similar job duties" and that Samtec did not demonstrate that Mr. Jiron Fallas' knowledge rises above his peers. In

comparing Mr. Jiron Fallas's knowledge to others in the company, the USCIS ignored its own official agency interpretation of the applicable statute and DHS-promulgated regulations, that specialized knowledge need not be narrowly held within the petitioning organization to be considered specialized.  As stated by the guidance "[t]he mere existence of other employees with similar knowledge should not … be a ground for denial."

36. USCIS imposed novel requirements not found in the applicable statute, regulations or any agency interpretation. Specifically, USCIS denied the petition on the grounds that Samtec did not provide a "specific curriculum" for Mr. Jiron Fallas' on-the-job training.

37. USCIS conflated the requirements when determining whether the United States position involved specialized knowledge. In the denial, the USCIS stated that the United States position did not require specialized knowledge and that USCIS "must review the duties of those employees in similar positions" to determine whether a beneficiary has specialized knowledge and focused on Mr. Jiron Fallas' knowledge as compared to other employees when determining whether the **position** required specialized knowledge. The determination if a position involves specialized knowledge is a distinct and separate inquiry that should not focus on the beneficiary's qualifications and knowledge.

38. USCIS ignored extensive and significant evidence in the record, including disregarding engineering reports authored by Mr. Jiron Fallas that evidence his specialized knowledge; claimed job duties charts that showed Mr. Jiron Fallas possesses specialized knowledge significantly above nearly all other Samtec employees were of no evidentiary value because the charts allegedly failed to show Mr. Jiron Fallas' knowledge "rises above his peers"; and USCIS claimed in the denial notice Samtec submitted no evidence that Mr. Jiron Fallas' knowledge was uncommon or distinct in comparison to the industry, apparently ignoring

extensive evidence submitted by Samtec that Mr. Jiron Fallas' knowledge of Samtec's products was uncommon in the industry since Samtec's systems and processes are wholly proprietary.

39. USCIS's imposition of novel requirements with no basis in law, conflating of the statutory and regulatory language, contravening its own agency interpretation of the regulations, and ignoring extensive evidence in the administrative record renders the denial decision arbitrary and capricious.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

a) A preliminary and permanent injunction against USCIS prohibiting the denial of Samtec's L-1B extension petition on behalf of Mr. Jiron Fallas from taking effect during the pendency of this litigation, so that Samtec may not be deprived of the services of Mr. Jiron Fallas, who has unique experience and knowledge critical to certain specialized products and processes, as Process Engineer at Samtec's high speed cable facility in Wilsonville, Oregon.

b) reversing the USCIS decision and granting Samtec's I-129 petition on behalf of Mr. Jiron Fallas, to classify Mr. Jiron Fallas in L-1B status through August 23, 2022;

c) granting any other relief as the Court deems just and proper.

        Respectfully submitted,

/s/ Jennifer L Bame
Matthew O. Wagner (Ohio 0089422)
Alicia M. Visse-Kroger (Ohio 0095776)
Frost Brown Todd LLC
3300 Great American Tower
301 E. Fourth Street
Cincinnati, Ohio 45202
513.651.6800 (t)
513.651.6404(f)
mwagner@fbtlaw.com
avkroger@fbtlaw.com

Jennifer L. Bame
jbame@fbtlaw.com
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202
(502) 779-8131

*Attorneys for Plaintiff*

0000NW4.0650680   4818-8809-3654v1